01

02

03

04

05

06                      UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
07                              AT SEATTLE

08  MATTHEW A. HYNEMAN,                    )
                                           )   CASE NO. C13-0669-JLR-MAT
09          Plaintiff,                     )
                                           )
10      v.                                 )
                                           )   REPORT AND RECOMMENDATION
11  CAROLYN W. COLVIN, Acting              )   RE: SOCIAL SECURITY
    Commissioner of Social Security,       )   DISABILITY APPEAL
12                                         )
            Defendant.                     )
13  _____)

14          Plaintiff Matthew A. Hyneman proceeds through counsel in his appeal of a final

15  decision of the Commissioner of the Social Security Administration (Commissioner).   The

16  Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) and

17  Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge

18  (ALJ).   Having considered the ALJ's decision, the administrative record (AR), and all

19  memoranda of record, the Court recommends that this matter be reversed and remanded for

20  additional administrative proceedings.

21  //

22  //

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -1

01 **FACTS AND PROCEDURAL HISTORY**

02      Plaintiff was born on XXXX, 1957.[1]  He did not graduate from high school, and has

03 not received a GED.  (AR 49.)

04      Plaintiff filed applications for DIB and SSI on October 19, 2010, and April 6, 2011,

05 respectively, alleging a disability onset date of February 5, 2007.  (AR 219-20, 226-32.)  The

06 applications were denied, initially and on reconsideration.  (AR 133-39, 141-60.)  Plaintiff

07 timely requested a hearing. (AR 161-62.)

08      On March 5, 2012, ALJ M.J. Adams held a hearing, taking testimony from Plaintiff

09 and a vocational expert.  (AR 45-78.)  On March 22, 2012, the ALJ issued a decision finding

10 Plaintiff not disabled.  (AR 25-39.)  Plaintiff timely appealed.  The Appeals Council denied

11 Plaintiff's request for review on February 20, 2013 (AR 1-7), and Plaintiff appealed this final

12 decision of the Commissioner to this Court.

13 **JURISDICTION**

14      The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. §

15 405(g).

16 **DISCUSSION**

17      The Commissioner follows a five-step sequential evaluation process for determining

18 whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it

19 must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had

20

21      1 Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule
of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic
22 Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United
States.

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -2

01   not engaged in substantial gainful activity since February 5, 2007, the alleged onset date.  (AR

02   27.)  At step two, it must be determined whether a claimant suffers from a severe impairment.

03   The ALJ found Plaintiff's cervical and lumbar degenerative disc disease, affective disorders,

04   anxiety disorders, and substance addiction disorders to be severe impairments.  (AR 27-29.)

05   Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ

06   found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment.

07   (AR 29-31.)

08        If a claimant's impairments do not meet or equal a listing, the Commissioner must

09   assess residual functional capacity (RFC) and determine at step four whether the claimant has

10   demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff capable of

11   performing light work, able to lift and/or carry up to 20 pounds occasionally and up to 10

12   pounds frequently.  He can stand, walk, and/or sit with normal breaks up to six hours each out

13   of an eight-hour workday.   He can occasionally climb, stoop, and crawl, and frequently

14   balance, kneel, and crouch.  He must avoid concentrated exposure to extreme cold, vibration,

15   and hazards such as machinery and heights.  He can understand, remember, and carry out

16   simple instructions required of unskilled work, and he has average ability to perform

17   sustained work activities in an ordinary work setting on a regular and continuing basis within

18   customary tolerances of employers' rules regarding sick leave and absence.  He can make

19   judgments on simple work-related decisions and can respond appropriately to supervision and

20   co-workers, and can deal with changes within a stable work environment.  He cannot

21   frequently encounter the general public, but incidental contact is not precluded so long as the

22   public is not a part of the work process.  (AR 32.)  With that assessment, the ALJ found at

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -3

01  step four that Plaintiff could not perform his past relevant work.  (AR 37.)

02     If a claimant demonstrates an inability to perform past relevant work, the burden shifts

03  to the Commissioner to demonstrate at step five that the claimant retains the capacity to make

04  an adjustment to work that exists in significant levels in the national economy.  After

05  considering the testimony of the vocational expert, the ALJ found Plaintiff capable of

06  performing representative occupations such as mail clerk, marker, and library page.  (AR 38-

07  39.)

08     This Court's review of the ALJ's decision is limited to whether the decision is in

09  accordance with the law and the findings supported by substantial evidence in the record as a

10  whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means

11  more than a scintilla, but less than a preponderance; it means such relevant evidence as a

12  reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881

13  F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which

14  supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278

15  F.3d 947, 954 (9th Cir. 2002).

16     Plaintiff alleges that the ALJ's decision should be reversed and remanded for

17  additional proceedings because it is erroneous in three ways: (1) evidence was inadvertently

18  omitted from the administrative record due to counsel's oversight; (2) the ALJ's adverse

19  credibility determination is not based on clear and convincing reasons; and (3) the ALJ's RFC

20  assessment fails to account for all limitations identified by Matthew Bressie, M.D.; Sandrine

21  Ducos, PA-C; and Romalee Davis, M.D.  The Commissioner contends that the ALJ's decision

22  is supported by substantial evidence and free from legal error.

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -4

Late-Supplied Evidence

During the underlying administrative proceeding, Plaintiff requested documentation from Pacific Medical Centers, some of which was submitted for inclusion in the record and some of which was not submitted for inclusion.  Plaintiff's counsel subsequently realized that not all of the updated records had been submitted, and attached those omitted records (Pacific Medical Centers treatment notes from November 2011 to February 2012) to the opening brief.  *See* Dkt. 12, Ex. A (hereinafter "the late-supplied evidence").  According to Plaintiff, this case should be remanded under sentence six of 42 U.S.C. § 405(g), to allow for reconsideration of the ALJ's decision in light of the late-supplied evidence.[2]  Dkt. 12 at 3.

The Commissioner summarily states that a sentence-six remand is not necessary because the new evidence is not material and no good cause exists for Plaintiff's failure to offer the evidence in the earlier proceeding.  Dkt. 13 at 5.  The Commissioner provides no analysis of either of those factors, and Plaintiff urges the Court to consider that failure a concession that Plaintiff's position has merit.  Dkt. 14 at 2.  Though the Commissioner's lack of substantive response is less than helpful, the Court declines to construe the Commissioner's briefing as a concession in this case because Plaintiff has cited no authority to support his argument that counsel's oversight in submitting evidence could equate to good cause for their late disclosure.  *See* Dkt. 12 at 5, Dkt. 14 at 2.  Ninth Circuit authority indicates that "good cause" for a late disclosure exists when the evidence was unavailable earlier, or where the evidence was available but counsel's diligent efforts to obtain it were not successful until after

---

[2] Given that this matter should be remanded for other reasons explained *infra*, Plaintiff's request for a sentence-six remand is moot.  Dkt. 14 at 11-12.  On remand, Plaintiff is entitled to provide new evidence relevant to the period under consideration on review.

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -5

the hearing.  *See Mayes v. Massanari*, 276 F.3d 453, 462-63 (9th Cir. 2001); *Navarro v.*
*Astrue*, 2010 WL 1880863, at *6 (May 10, 2010).  Counsel's oversight in this case does not
meet the standard for good cause.  Accordingly, a sentence-six remand is inappropriate.  *See*
*Mayes*, 276 F.3d at 463 (holding that even if the new evidence is material, if there is no good
cause for the claimant's failure to submit the evidence earlier, then a district court does not
abuse its discretion in refusing a sentence-six remand).

Credibility

　　　Absent evidence of malingering, an ALJ must provide clear and convincing reasons to
reject a claimant's testimony.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).
"In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness,
inconsistencies either in his testimony or between his testimony and his conduct, his daily
activities, his work record, and testimony from physicians and third parties concerning the
nature, severity, and effect of the symptoms of which he complains."  *Light v. Comm'r of*
*Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

　　　In this case, the ALJ provided two[3] reasons to discount Plaintiff's credibility:

---

3 The Commissioner argues that the ALJ also cited inconsistent daily activities as a reason to
discount Plaintiff's credibility.  *See* Dkt. 13 at 8 ("In this case, the ALJ noted Plaintiff engaged in
many activities that belied his alleged limitations due to his mental and physical limitations.").  The
Commissioner does not identify where in the decision the ALJ so noted, and the Court's review of the
decision does not comport with the Commissioner's description.  The Commissioner suggests that "the
ALJ clearly explained [how] these activities contradicted Plaintiff's assertion that he could not lift
more than 10 pounds 'for a short time' and could walk about half a block before he would need to stop
and rest," but the portion of the decision cited as support does not actually contain a description of
Plaintiff's activities nor an explanation of how those activities contradict his allegations.  Dkt. 13 at 8
(citing AR 35-37).  The ALJ did describe the "mild restriction" in Plaintiff's daily activities in his
step-three findings, but did not suggest there that Plaintiff's self-reported daily activities undermined
his credibility. (AR 30.)  The ALJ's passing reference to daily activities that are "contrary to a finding
of total disability" (AR 37), without any indication of which activities he had in mind nor which

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -6

01   inconsistent medical evidence, and lack of treatment for allegedly severe symptoms. (AR 33-

02   35.) The ALJ noted that although Plaintiff claimed to experience disabling neck and back

03   pain, objective testing did not corroborate those allegations and Plaintiff failed to seek

04   "ongoing treatment for those impairments" post-May 2010. *Id.*

05        Plaintiff correctly notes that lack of corroboration in the objective medical record

06   cannot alone serve as a basis for discounting a claimant's allegations of pain. Dkt. 12 at 8;

07   *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony

08   cannot be rejected on the sole ground that it is not fully corroborated by objective medical

09   evidence, the medical evidence is still a relevant factor in determining the severity of the

10   claimant's pain and its disabling effects.").

11        Thus, the propriety of the ALJ's adverse credibility determination relies on the

12   remaining factor: lack of treatment. The ALJ's analysis of this issue is encapsulated in one

13   sentence: "Of note is that in spite of [Plaintiff's] allegations of disabling neck and back

14   symptoms, the record contains essentially no records showing ongoing treatment for those

15   impairments following Dr. Kopp's May 2010 evaluation." (AR 35.) Plaintiff argues that this

16   characterization of the record is inaccurate,[4] because the record contained a June 2011

17

18   allegations are undermined by those activities, is not sufficiently specific as to be considered clear and
     convincing. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) ("General findings are insufficient;

19   rather, the ALJ must identify what testimony is not credible and what evidence undermines the
     claimant's complaints.") Accordingly, to whatever degree the ALJ discounted Plaintiff's credibility in

20   light of inconsistent daily activities, such a finding is erroneous due to its lack of specificity.

21        4 Plaintiff also argues that the late-supplied evidence further reveals that he sought treatment
     for neck and back pain, but emphasizes that even the record available to the ALJ was inconsistent with

22   his characterization. Dkt. 12 at 10. Although Plaintiff also notes that he testified at the hearing that he
     had a steroid injection in his neck just a few days earlier (AR 57-58), this testimony does not
     necessarily establish that he had *ongoing* treatment for his impairments. Dkt. 14 at 5.

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -7

01  medical opinion from a treating provider indicating that Plaintiff established care in March

02  2011 and had been seen six times since then for back and neck pain, among other diagnoses.

03  *See* AR 794-98.

04      The Commissioner does not address this evidence, but instead simply reiterates the

05  ALJ's finding and posits that lack of treatment "is a valid reason to discredit pain testimony."

06  Dkt. 13 at 9.  This undisputed contention is not helpful to the Court's analysis, because the

07  Commissioner fails to address the Plaintiff's specific contention that the record actually

08  contains evidence of treatment overlooked by the ALJ.  Because it appears that Plaintiff did in

09  fact seek ongoing treatment subsequent to May 2010, the Court cannot find that the ALJ's

10  finding with regard to lack of treatment is supported by substantial evidence in the record.

11  Accordingly, on remand, the ALJ shall reconsider Plaintiff's credibility.

                            Medical Opinions

13      Plaintiff assigns error to the ALJ's assessment of three medical opinions: the June

14  2011 opinion of treating physician Dr. Bressie, the December 2010 opinion of consultative

15  psychiatrist Dr. Davis, and the February 2011 opinion of DSHS examiner Ms. Ducos.  The

16  ALJ assigned no weight to the opinions of Dr. Bressie and Ms. Ducos, and some weight to the

17  portions of Dr. Davis's opinion addressing mental symptoms and limitations.  (AR 35-36.)

18  An ALJ must provide specific and legitimate reasons to discount a contradicted acceptable

19  medical source opinion, and germane reasons to discount an opinion provided by a non-

20  acceptable medical source.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *Molina v.*

21  *Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

22  //

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -8

01    Dr. Bressie

02    The ALJ rejected Dr. Bressie's opinion (AR 794-98) because (1) it relied on Plaintiff's

03    non-credible self-report, (2) his findings did not include neurological testing nor do they

04    support his opinions regarding severe limitations, and (3) it is inconsistent with other evidence

05    of record showing negative straight-leg raises and "few neurological findings in the upper and

06    lower extremities." (AR 35.)

07    The ALJ's first reason (reliance on non-credible self-report) cannot be affirmed in

08    light of the Court's finding that the ALJ's credibility findings are deficient. The ALJ's

09    second reason (lack of citation to findings, particularly neurological findings, to support

10    opinions) is legitimate, however, because Dr. Bressie's objective findings (range-of-motion

11    limitations, findings regarding tenderness and spasm) do not directly support the opinions

12    contained in his questionnaire. *See* AR 794. Although Plaintiff points to neurological

13    findings indicated elsewhere in the record and in the late-supplied evidence, Dr. Bressie did

14    not cite that evidence in his opinion nor refer to any objective findings that would support his

15    opinions, and the ALJ was entitled to discount his opinion on that basis. *See Thomas*, 278 at

16    957.

17    The ALJ's third reason (inconsistent evidence) is problematic, because while the

18    record does contain treatment notes from 2008 and 2010 showing negative straight-leg raises

19    and mostly unremarkable neurological findings in Plaintiff's arms and legs (AR 537-45, 583-

20    97), it also contains some of the results of an April 2011 MRI conducted on Dr. Bressie's

21    referral, which indicates moderate to moderately severe neural foramina stenosis. (AR 804.)

22    Although Dr. Bressie's treatment notes discussing the MRI results were not before the ALJ,

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -9

01  but were instead included in the late-supplied evidence, the record before the ALJ nonetheless

02  put him on notice that Plaintiff underwent the April 2011 MRI and that Dr. Bressie's

03  references to cervical and lumbar radiculopathy (AR 794) were informed by the MRI results.

04  Thus, it appears that the ALJ's impression of the record does not account for the April 2011

05  MRI findings, which were more thorough and updated than the earlier medical evaluations

06  conducted for purposes of Plaintiff's Department of Labor & Industries (L&I) claim.

07  Accordingly, because the ALJ's finding that Dr. Bressie's opinion was inconsistent with the

08  record is based on an incomplete view of the record, this reason is not a legitimate basis on

09  which to discount Dr. Bressie's opinion.

10      Because two out of three reasons provided by the ALJ for discounting Dr. Bressie's

11  opinion are not legitimate, the ALJ erred in assigning no weight to Dr. Bressie's opinion and

12  shall reconsider it on remand.

13      Ms. Ducos

14      The ALJ assigned no weight to Ms. Ducos's opinion for the same reasons he rejected

15  Dr. Bressie's opinion.  (AR 35.)  Again, the first reason (reliance on non-credible self-report)

16  is not legitimate in light of the ALJ's invalid credibility determination.  As to the second and

17  third reasons (lack of citation to findings, particularly neurological findings, to support

18  opinions, and inconsistency with L&I reports), Ms. Ducos does refer to specific evidence as a

19  basis for her opinions, namely the L&I reports and medical records from treating physician

20  Daniel Lazar.  (AR 636.)  The ALJ noted that the L&I reports contain findings (negative

21  straight-leg raises and unremarkable neurological findings) that can be reasonably construed

22  as inconsistent with Ms. Ducos's opinion, however, which is a germane reason to discount the

01   opinion.  Thus, the ALJ did not err with respect to Ms. Ducos's opinion.

02   <u>Dr. Davis</u>

03   The ALJ assigned some weight to Dr. Davis's opinions regarding Plaintiff's

04   psychological symptoms and limitations, but rejected her opinion that as opposed to mental

05   limitations, "[i]t is [Plaintiff's] physical limitations and his sensitivity to pain and discomfort

06   that keep him from being able to work."  (AR 705.)  The ALJ noted that as a psychiatrist, Dr.

07   Davis was not qualified to render an opinion regarding Plaintiff's physical limitations.  (AR

08   36.)

09   The ALJ's reasoning is specific and legitimate, because Dr. Davis's opinion regarding

10   Plaintiff's physical limitations was both outside her area of specialization and unsupported by

11   her opinion, because she did not perform any physical testing.  *See, e.g.*, *Allison v. Astrue*, 425

12   Fed. Appx. 636, 639 (9th Cir. 2011).  Thus, the ALJ did not err with respect to Dr. Davis's

13   opinion.

## **CONCLUSION**

15   For the reasons set forth above, the Court recommends that this matter be REVERSED

16   and REMANDED for further administrative proceedings.  On remand, the ALJ shall

17   reconsider Plaintiff's credibility and Dr. Bressie's opinion in light of all the evidence of

18   record, including any additional evidence supplied on remand.

19   DATED this <u>18th</u> day of October, 2013.

20

21                                            Mary Alice Theiler
                                              Chief United States Magistrate Judge

22

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -11